MARTHA WIESE ET AL., PLAINTIFFS-RESPONDENTS, v. BALDANZA BROTHERS, INCORPORATED, ET AL., DEFENDANTS-APPELLANTS.

Submitted January 25, 1935—Decided June 7, 1935.

For the respondents, *James D. Carton, Jr.*

For the appellants, *Lester C. Leonard.*

PER CURIAM.

These are appeals from judgments of the District Court of the First Judicial District of Monmouth county entered upon verdicts of a jury, in suits arising out of a collision between two automobiles.

An automobile owned and driven by the plaintiff Adolf Wiese, in which the plaintiffs Martha Wiese, his wife, and Dorothy Wiese, his daughter, were passengers, was struck on the morning of August 12th, 1934, by a bakery truck owned by defendant Baldanza Brothers, Incorporated, and driven by the defendant Tom Anechiarico, at the intersection of Seventh avenue and F street in Belmar.

Plaintiffs' car was going westwardly on Seventh avenue and defendants' car was going southwardly on F street. Seventh avenue is a stop street at this point.

The first point is that it was error to refuse defendants' request No. 3: "I charge you that if Adolf Wiese were guilty of contributory negligence and his wife, Martha Wiese, and his daughter, Dorothy Wiese, or either of them, were engaged in a joint or common enterprise with him, then your verdict must be no cause for action."

In the first place, this was harmless if erroneous, because the jury by its verdict in favor of Adolf absolved him from contributory negligence, so the charge would not have helped defendants.

In the second place, there was no evidence of joint enterprise to submit to the jury. The proof was that the wife and daughter were accompanying Adolf on a fishing and crabbing excursion. Joint enterprise implies joint control, joint contribution toward expenses and joint share in profits, if any. There was no proof of any of these elements and in fact Mrs. Wiese, when questioned, said she was contributing nothing toward the cost of the trip.

For both of these reasons, we think there is no harmful error pointed out by the first point.

The second point is that it was error to refuse to direct a verdict as to Adolf because of his negligent operation of his car, and as to Martha because of her failure as a passenger in the car to use the proper degree of care for her own safety. The proof was that as plaintiff approached the intersection he did not stop, as he should have, but slowed down and made observation in both directions. To his right, some three hundred or four hundred feet away, he saw the truck approaching. He thought he had time to cross and proceeded. When he reached the south-bound trolley tracks (those farthest over the street), the defendant bore down on him and he swerved to avoid a collision. Anechiarico swerved in the same direction that plaintiff was going and the collision resulted.

In such a situation, under well settled rules, the question of the contributory negligence of Adolf was for the jury. Anechiarico admitted that he was going rather fast and was in a hurry to cover his bakery route. It was open to the jury to find that plaintiff was justified in thinking he had time to

cross and that the excessive speed of defendants' car was the sole cause of the accident.

As to Mrs. Wiese, we fail to see in what way she was guilty of contributory negligence as a matter of law. It is not pointed out just what she should have done. She was not driving and could not have ordered her husband to pursue a different course. She saw the truck approaching, but so did her husband, so her failure to communicate to him what she saw cannot be said to be a contributory cause of the accident.

We are of the opinion that the trial judge properly submitted the issues to the jury under a fair and correct charge, and the judgments are, therefore, affirmed, with costs.